```
                         United States Bankruptcy Court
                         Middle District of Pennsylvania
In re:                                                           Case No. 20-00284-RNO
John Hebal, Jr.                                                  Chapter 13
            Debtor            CERTIFICATE OF NOTICE

District/off: 0314-5        User: AutoDocke         Page 1 of 2         Date Rcvd: Mar 11, 2020
                            Form ID: pdf002         Total Noticed: 29
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 13, 2020.
```
db            +John Hebal, Jr.,    1050 N. James St.,    Hazleton, PA 18202-1758
cr            +PNC Bank N.A,    P.O. Box 94982,    Cleveland, OH 44101-4982
5294986      ++CREDIT PROTECTION ASSOCIATION LP,    PARKWAY CENTER V,    2500 DALLAS PARKWAY SUTIE 500,
                PLANO TX 75093-4805
                (address filed with court: Credit Protection Assoc.,     1355 Noel Road, Suite 2100,
                Dallas, TX 75240)
5294985       +Chase Auto Loan Payment,    Attn: Chase Recovery Payment,    P.O. Box 901079,
                Forth Worth, TX 76101-2079
5294987       +Debra Day,    1050 N. James St.,    Hazleton, PA 18202-1758
5294989       +Debt Recovery Solutions,    PO Box 9001,    Westbury, NY 11590-9001
5294988       +Debt Recovery Solutions,    6800 Jericho Turnpike, Ste. 113F,    Syosset, NY 11791-4401
5294990       +Falcone Oral & Maxillofacial Surgery, PC,     668 N. Church St., Ste. 10,
                Hazleton, PA 18201-3189
5307662       +Greater Hazleton Joint Sewer Auth,    c/o Joseph D Ustynoski Esq,    101 West Broad St Ste 205,
                Hazleton, PA 18201-6303
5294991       +Greater Hazleton Joint Sewer Authority,     500 Oscar Thomas Drive,    P.O. Box 651,
                Hazleton, PA 18201-0651
5294992       +Hazle Township Refuse,    P.O. Box 24,    Lattimer Mines, PA 18234-0024
5294993        Hazleton City Authority,    400 E. Arthur Gardner Pkwy.,    Hazleton, PA 182010-7395
5294994        Humana,    P.O. Box 371400,    Pittsburgh, PA 15250-7400
5294995       +IC Systems,    P.O. Box 64378,    Saint Paul, MN 55164-0378
5294997       +KML Law Group, P.C,    Suite 5000, BNY Mellon Independence Ctr.,    701 Market St.,
                Philadelphia, PA 19106-1538
5294998       +Law offices of Tullio DeLuca,    381 N. 9th Avenue,    Scranton, PA 18504-2005
5294999       +Luzerne County Tax Claim Bureau,    1170 Highway 315, Suite 5,    Plains, PA 18702-6906
5295001       +Municipal Authority of Hazle Township,     P.O. Box 502,    Harleigh, PA 18225-0502
5295002       +Northeast Revenue Service, LLC,    200 North River St.,    Wilkes-Barre, PA 18711-1004
5295004        PNC Bank, N.A.,    P.O. Box 97982,    Cleveland, OH 44101
5295005        PNC Bank, N.A.,    332 Newmark Dr.,    Miamisburg, OH 45342
5295006        PPL Electric Utilities,    827 Hausman Rd.,    Allentown, PA 18104-9392
5295007       +Service Electric Cablevision,    380 Maplewood Dr.,    Hazle Twp, PA 18202-8200
5295008       +Vantage Trust FCU,    881 Mundy St.,    Wilkes-Barre, PA 18702-6939
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
5294983       +E-mail/Text: mnapoletano@ars-llc.biz Mar 11 2020 19:32:44      Ability Recovery Svcs. LLC,
                P.O. Box 4031,    Wyoming, PA 18644-0031
5294984       +E-mail/Text: bk.notifications@jpmchase.com Mar 11 2020 19:32:22      Chase Auto Finance,
                National Bankruptcy Dept.,    201 N. Central Ave., AZ1-1191,    Phoenix, AZ 85004-1071
5295000       +E-mail/Text: bankruptcydpt@mcmcg.com Mar 11 2020 19:32:28      Midland Funding, LLC,
                2365 Northside Drive, Ste. 300,    San Diego, CA 92108-2709
5295003       +E-mail/PDF: cbp@onemainfinancial.com Mar 11 2020 19:38:38      OneMain Financial Bankruptcy Dept.,    P.O. Box 6042,    Sioux Falls, SD 57117-6042
5295009       +E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Mar 11 2020 19:31:30
                Verizon Bankruptcy Dept.,    500 Technology Drive,    Suite 550,    Weldon Spring, MO 63304-2225
                                                                                             TOTAL: 5

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
5294996*      +John Hebal, Jr.,    1050 N. James St.,    Hazleton, PA 18202-1758
                                                                                   TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 13, 2020                                Signature:   /s/Joseph Speetjens

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 11, 2020 at the address(es) listed below:

　　　　Charles J DeHart, III (Trustee)    TWecf@pamd13trustee.com
　　　　James   Warmbrodt    on behalf of Creditor   PNC Mortgage, a division of PNC Bank, National
　　　　 Association bkgroup@kmllawgroup.com
　　　　Tullio  DeLuca    on behalf of Debtor 1 John  Hebal, Jr. tullio.deluca@verizon.net
　　　　United States Trustee    ustpregion03.ha.ecf@usdoj.gov

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　TOTAL: 4

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: | CHAPTER 13

JOHN HEBAL, JR., | CASE NO. 5-20-
a/k/a John Hebal |

| _X_ ORIGINAL PLAN
| ___ AMENDED PLAN (Indicate 1ST, 2ND, 3RD, etc)
| ___ Number of Motions to Avoid Liens
| ___ Number of Motions to Value Collateral

## CHAPTER 13 PLAN

NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the Plan.

| 1 | The plan contains nonstandard provisions, set out in §9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | *  Included | ☐  Not Included |
| --- | --- | --- | --- |
| 2 | The plan contains a limit on the amount of a secured claim, set out in §2.E, which may result in a partial payment or no payment at all to the secured creditor. | *  Included | Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in §2.G | ☐  Included | *  Not Included |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the Plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. **Plan Payments From Future Income**

1. To date, the Debtor paid $0.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $22,500.00, plus other payments and property stated in §1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 02/2020 | 01/2025 | $375.00 | $0.00 | $375.00 | $22,500.00 |
|  |  |  |  |  |  |
|  |  |  |  | Total Payments: | $22,500.00 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify te Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE:  ( x ) Debtor is at or under median income. *If this line is checked, the rest of §1.A.4 need not be completed or reproduced.*

   ( ) Debtor is over median income. Debtor estimates that a minimum of $ 0.00 must be paid to allowed unsecured creditors in order to comply with the Means Test.

**B. Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $0.00. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

  X   No assets will be liquidated. *If this line is checked, the rest of §1.B need not be completed or reproduced.*

____ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of property known and designated as _____. All sales shall be completed by _____, 20____. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____.

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____.

**2. SECURED CLAIMS.**

    **A.**   **Pre-Confirmation Distributions.** *Check one.*

  X  None. *If "None" is checked, the rest of §2.A need not be completed or reproduced.*

____ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|  |  |  |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr.P.3002.1(b), the change in the conduit payment to the Trustee will not require modification of this Plan.

    **B.**   **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor. Check One.**

____ None. If "None" is checked, the rest of §2.B need not be completed or reproduced.

_X_ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise

agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| PNC Bank, N.A. | 1050 N. James St., Hazleton, PA 18202 | 4337 |
| | | |
| | | |

  **C.** **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** Check one.

  ___ None. If "None" is checked, the rest of §2.C need not be completed or reproduced.

  _X_ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under §1322(b)(5) of the Bankruptcy Code.

| Name of Creditor | Description of Collateral | Estimated Pre-Petition Arrears to be Cured | Estimated Post-Petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| PNC Bank, N.A. | 1050 N. James St., Hazleton, PA 18202 | $7,300.00 | None | $7,300.00 |
| | | | | |
| | | | | |

  **D. Other secured claims (conduit payments and claims for which a §506 valuation is not applicable, etc.)**

  ___ None. If "None" is checked, the rest of §2.D need not be completed or reproduced.

__X__    The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| Luzerne County Tax Claim Bur. | 1050 N. James St., Hazleton, PA 18202 | $1,859.69 | 9% $457.31 | $2,317.00 |
| Municipal Auth. of Hazle Township | 1050 N. James St., Hazleton, PA 18202 | 377.00 | N/A | $377.00 |
| Hazleton City Authority | 1050 N. James St., Hazleton, PA 18202 | $2,090.75 | N/A | $2,090.75 |
| Hazle Township Refuse | 1050 N. James St., Hazleton, PA 18202 | $1,568.95 | N/A | $1,568.95 |
| Greater Hazleton Joint Sewer Auth. | 1050 N. James St., Hazleton, PA 18202 | $615.15 | N/A | $615.15 |

E.    **Secured claims for which §506 valuation is applicable.** Check one.

____ None. If "None" is checked, the rest of §2.E need not be completed or reproduced.

_X_ Claims listed in the subsection are debts secured by property not described in §2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee tat the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| Chase Auto Finance | 2007 Ford Taurus | $1,619.00 | 6% $259.00 | $1,878.00 | Plan |
|  |  |  |  |  |  |

**F. Surrender of Collateral.** Check one.

_X_ None. If "None" is checked, the rest of §2.F need not be completed or reproduced.

____ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan or upon approval of any modified plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|

|  |  |
|--|--|
|  |  |
|  |  |

  **G.** **Lien Avoidance.** Do not use for mortgages or for statutory liens, such as tax liens. Check one.

   __X__ None. If "None" is checked, the rest of §2.G need not be completed or reproduced.

   ____ The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to §522(f) (this §should not be used for statutory or consensual liens such as mortgages).

| | | | |
|---|---|---|---|
| Name of Lien Holder | | | |
| Lien Description<br>For judicial lien, include court<br>and docket number | | | |
| Description of the liened property | | | |
| Liened Asset Value | | | |
| Sum of Senior Liens | | | |
| Exemption Claimed | | | |
| Amount of Lien | | | |
| Amount Avoided | | | |

**3.** **PRIORITY CLAIMS.**

  **A.** **Administrative Claims**

   1. <u>Trustee's Fees.</u> Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. <u>Attorney's Fees.</u> Complete only one of the following options:

    a. In addition to the retainer of $1,000.00 already paid by the Debtor, the amount of $3,000.00 in the plan. This represents the unpaid

balance of the presumptively reasonable fee specified in L.B.R. 2016-2( c); or

      b.    $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3.    <u>Other.</u> Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. Check one of the following two lines.

    <u> X </u>  None. If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.

    ____  The following administrative claims will be paid in full.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |

B.    **Priority Claims (including, certain Domestic Support Obligations)**

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |
|  |  |

C.    **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. § (a)(1)(B).** Check one of the following two lines.

    <u> X </u>  None. If "None" is checked, the rest of § 3.C need not be completed or reproduced.

    ___  The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. This plan provision

requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. § 1322 (a)(4)).

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

4. **UNSECURED CLAIMS**

   A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** Check one of the following two lines.

   __X__ None. If "None" is checked, the rest of § 4.A need not be completed or reproduced.

   _____ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
|  |  |  |  |  |

   B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES. Check one of the following two lines.**

   __X__ None. If "None" is checked, the rest of § 5 need not be completed or reproduced.

   _____ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

|   |   |   |   |   |   |   |
|---|---|---|---|---|---|---|
|   |   |   |   |   |   |   |

6. **VESTING OF PROPERTY OF THE ESTATE.**

   **Property of the estate will vest in the Debtor upon**

   Check the applicable line:

   ___  plan confirmation.
   ___  entry of discharge.
    X   closing of case.

7. **DISCHARGE: (Check one)**

   (X)  The debtor will seek a discharge pursuant to § 1328(a).
   ( )  The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to an objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1:      Adequate Protection Payments
Level 2:      Debtor's Attorney Fees
Level 3:      Domestic Support Obligations
Level 4:      Secured Claims, Pro Rata
Level 5:      Priority Claims, pro rata
Level 6:      Specially classified unsecured claims
Level 7:      Timely filed general unsecured claims
Level 8:      Untimely filed general unsecured claims to which Debtor has not objected

If the above Levels are filled in, the rest of § 8 need not be completed or reproduced. If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1:    Adequate protection payments.
Level 2:    Debtor's attorney's fees.
Level 3:    Domestic Support Obligations.
Level 4:    Priority claims, pro rata.
Level 5:    Secured claims, pro rata.

Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

9. NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

**The following is a summary of the creditors and amounts to be paid by the Trustee pursuant to this Plan:**

| | |
|---|---|
| **Chapter 13 Trustee** | **$ 1,800.00 (est)** |
| **Tullio DeLuca, Esq.,** | **$ 3,000.00** |
| **PNC Bank** | **$ 7,300.00 (arrears )** |
| **Chase Auto Finance** | **$ 1,878.00 (allowed secured claim)** |
| **Luzerne County Tax Claim Bur.** | **$ 2,317.00 (allowed secured claim)** |
| **Greater Hazleton Joint Sewer Auth.** | **$ 615.15 (allowed secured claim)** |
| **Hazle Township Refuse** | **$ 1,568.95 (allowed secured claim)** |
| **Hazleton City Auth.** | **$ 2,090.75 (allowed secured claim)** |
| **Municipal Auth. of Hazle Township** | **$ 377.00 (allowed secured claim)** |
| **Unsecured Creditors- prorata basis** | **$ 1,553.15** |
| **Total:** | **$ 22,500.00** |

Dated: January 28, 2020   /s/Tullo DeLuca
Attorney for Debtor


/s/John Hebal, Jr.
Debtor


By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in §9.